**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10447 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00236-LJO-SKO-1 |
| v. |  |
| BENJAMIN RUIZ, AKA Benny Ruiz, | MEMORANDUM* |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 19, 2015**
San Francisco, California

Before: MELLOY,*** IKUTA, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Benjamin Ruiz appeals the denial of his motion to suppress evidence obtained pursuant to a search warrant. We have jurisdiction under 28 U.S.C. § 1291.

Given the totality of the circumstances, there was a substantial basis for the magistrate judge's finding of probable cause. *See United States v. Angulo-Lopez*, 791 F.2d 1394, 1396 (9th Cir. 1986). The informant's veracity was supported by his statements of his own receipt of child pornography, which were admissions against penal interest. *See id*. at 1397. The informant's affidavit stating that he had lived with Ruiz and still communicated with him via email established his firsthand knowledge of Ruiz's crime. *See United States v. Bishop*, 264 F.3d 919, 925 (9th Cir. 2001). Independent police corroboration of Ruiz's location and status as a sex offender, increased confidence in the informant's veracity and basis of knowledge. *See Angulo-Lopez*, 791 F.2d at 1397. The informant's motive to cooperate with the police did not destroy his credibility, *see Bishop*, 264 F.3d at 926, and the magistrate judge properly considered the informant's motivation as part of the totality of the circumstances.

The information supporting the search warrant was not stale because the informant's statements on his continuing communication with Ruiz and the affiant's statements on the crime of child pornography established a "sufficient basis to believe . . . that the items to be seized [were] still on the premises." *United*

*States v. Lacy*, 119 F.3d 742, 745–46 (9th Cir. 1997) (internal quotation marks and citation omitted).

**AFFIRMED**